**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Amos Richardson, Jr., ) | C/A No. 2:10-1446-CMC |
| ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Through this action, Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security granting Plaintiff's claim for Disability Insurance Benefits ("DIB") for a closed period of time between November 15, 2005 and December 10, 2007, and denying benefits as of December 11, 1007. Plaintiff appealed pursuant to 42 U.S.C. §§ 405(g). The matter is currently before the court for review of the Report and Recommendation ("Report") of Magistrate Judge Bruce Howe Hendricks, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C. and filed on August 5, 2011. For the reasons set forth below, the court adopts the Report and remands the case to the Commissioner for further proceedings to consider the additional evidence submitted to the Appeals Council.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter

1

to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze,* 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## BACKGROUND

Plaintiff applied for DIB, alleging disability as of November 15, 2005. Tr. 111-15. The ALJ, in a decision issued January 29, 2009, found Plaintiff disabled for a closed period between November 15, 2005 and December 10, 2007, based on post-traumatic stress disorder ("PTSD"). Tr. 21-22. On February 17, 2009, Plaintiff appealed this decision to the Appeals Council and submitted additional evidence for consideration. This additional evidence includes reports from the Charleston VA Medical Center ("VAMC") and the Charleston Vet Center, which indicate problems with PTSD

and back and leg pain. Tr. 560-746. The Appeals Council denied Plaintiff's request for review. Tr. 1-5. In that denial, the Appeals Council stated that it had "received additional evidence which it is making part of the record," and listed Exhibits 13E and 14F, which are Plaintiff's brief and certain medical records. Tr. 5. Exhibits 15F and 16F, additional medical records submitted by Plaintiff, are not listed as additional evidence in the Appeal Council's denial. Tr. 5.

Plaintiff filed this action seeking review of the Commissioner's decision arguing that it is not supported by substantial evidence. Dkt. No. 1.

## DISCUSSION

The Report recommends remand because the Commissioner's decision to terminate benefits after December 11, 2007 was not supported by substantial evidence in light of the additional evidence that was submitted to the Appeals Council, but never considered. Dkt. No. 24. Defendant filed objections arguing that the additional evidence was not material because it cannot support the requirement that Plaintiff's impairment precluded him from performing work for twelve consecutive months. Dkt. No. 25 at 4. Defendant argues that the Appeals Council, therefore, had no obligation to consider it.[1] Dkt. No. 25 at 3-4. Alternatively, Defendant argues that the Appeals Council considered all of the additional evidence, despite not specifically listing it in its denial. Dkt. No. 25

---

[1] In its opening brief to the Magistrate Judge, Defendant also argued that the Appeals Council is not required to articulate specific reasons when denying review of an ALJ's decision. Dkt. No. 19 at 18-21. If the court does not agree with Defendant's position, Defendant asks the court to hold its decision in this matter in abeyance pending a decision by the Fourth Circuit in *Meyer v. Astrue*, No. 10-1581. Although this argument was not specifically raised in its objections to the Report, the court notes that it is unnecessary to address this specific issue because remand is based on the Appeals Council's failure to consider additional evidence, not because of its failure to state why that evidence did not require review of the ALJ's decision.

at 4.[2]  The court considers Defendant's arguments in reverse order.

**Appeals Council Review of Evidence.**  Defendant argues that the court should presume that the Appeals Council considered Plaintiff's additional evidence.  Dkt. No. 19 at 15-16 ("The presumption of administrative regularity requires the Court to presume the Appeals Council performed its duties.").  As the Report states, specifically listing some of the exhibits, while failing to list two other exhibits, suggests that the unlisted exhibits were not considered. Dkt. No. 24 at 14. The court agrees with the Report and rejects Defendant's argument that the Appeals Council considered the unlisted additional evidence.

**Materiality of Additional Evidence.**  The Magistrate Judge recommends remanding the case for further proceedings based on the Appeals Council's failure to consider new, material evidence, which was not listed as exhibits on the Appeal Council's letter denying review. Dkt. No. 24 at 14.  The unlisted exhibits contain over 150 pages of medical records, which, as stated in the Report, suggest that Plaintiff continued to suffer from complications associated with PTSD after December 10, 2007.  Dkt. No. 24 at 13.  For example, the new evidence includes mental health reports of Plaintiff's anger issues and difficulty dealing with the public (Tr. 597), as well as an increase in Plaintiff's dosage of Prozac in November 2008.  Tr. 627.

The Appeals Council must consider additional evidence when it is new, material, and related to the period before the ALJ's decision.  Pursuant to 20 C.F.R. § 404.970(b):

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the

---

[2] Although Defendant maintains this argument from its opening brief, Defendant does not expound on this in his objections because "the Court need not reach this issue, as the additional evidence was not material."  Dkt. No. 25 at 4.

> entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970(b). Evidence is new "if it is not duplicative or cumulative." *See Wilkins v. Sec'y of Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* "When a claimant seeks to present new evidence to the Appeals Council, she is not required to show good cause for failing to present the evidence earlier." *Wilkins v. Sec'y. Dep't of Health & Human Servs.*, 953 F.2d 93, 96 n.3 (4th Cir. 1991).

As explained in the Report, because the ALJ's decision to terminate disability after December 10, 2007 was based on reports showing improvements in Plaintiff's PTSD, new reports showing continuing difficulties may reasonably change the Commissioner's disability determination and are, therefore, material. Dkt. No. 24 at 13. The additional evidence meets the requirement for consideration as new, material evidence, and it should have been considered by the Appeals Council.[3]

Defendant attempts to craft a timing argument to render the additional evidence not material. Defendant interprets the Report as recommending (1) affirming the ALJ's decision to terminate disability after December 10, 2007 based on an increase in Plaintiff's GAF score, and (2) remanding only to determine whether Plaintiff subsequently became disabled. Dkt. No. 25 at 2. According to Defendant, by affirming the December 10, 2007 termination date, the only issue the additional

---

[3] As explained in the Report, the new evidence also relates to Plaintiff's spinal condition. On remand, the Commissioner should consider all of Plaintiff's medical and psychiatric conditions in light of the new evidence.

evidence can support is a new finding of disability arising after the termination date. Dkt. No 25 at 3. Defendant argues that, based on the dates of the medical records, there simply is not enough time between the conditions cited in the additional medical reports and the ALJ's decision on January 29, 2009 to meet the 12-month duration requirement.[4] Dkt. No. 24 at 3-4.

The court does not interpret the Report as recommending affirming the ALJ's decision regarding the termination date. The court, therefore, need not consider Defendant's arguments related to the dates of the medical records included as additional evidence because Plaintiff has already met the 12-month duration requirement for disability.

The court adopts the Report and reverses and remands the Commissioner's decision for further proceedings to determine whether the additional evidence submitted to the Appeals Council supports the Commissioner's decision to terminate Plaintiff's disability after December 10, 2007.

## CONCLUSION

For the reasons stated above, the court adopts the Report, reverses the decision of the Commissioner pursuant to sentence four of 42 U.S.C. §§ 405(g), and remands the case to the Commissioner to make a finding as to the weight to be given to new evidence and further proceedings as appropriate.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 19, 2011

---

[4] Under the Social Security Act, a "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The regulations further state that the impairment "must have lasted or be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509.